126

Argued March 2, affirmed March 24, 1965

## GEO. A. MOORE & ASSOCIATES, INC. *v.* STATE BOARD OF CONTROL

400 P. 2d 263

*Howard H. Campbell,* Portland, argued the cause and filed a brief for appellant.

*Louis S. Bonney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Perry,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## O'CONNELL, J.

This is an action for damages brought against the state of Oregon for alleged breach of contract. Defendant demurred to the complaint on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The demurrer was sustained and a judgment was entered dismissing the complaint. Plaintiff appeals.

In 1961 the State Board of Control awarded a contract to plaintiff to construct a multi-purpose building at the State Hospital. After plaintiff commenced construction, defendant began to erect a greenhouse on the State Hospital grounds. The Board employed convict labor for this purpose. Soon after the commencement of the work pickets appeared at one of the roads leading to the State Hospital grounds and remained there for about a month. Plaintiff's workmen refused to cross the picket line and as a consequence thereof plaintiff was unable to continue with the construction of the multi-purpose building during the picketing. As a result of the suspension of the work on the project plaintiff suffered damages.

The complaint is based upon the theory that the defendant breached the contract with plaintiff. It is plaintiff's theory that the contract between plaintiff and defendant contained an implied promise by defendant not to employ convict labor in other construction work on the hospital grounds. It may be assumed, in accordance with the allegations of the complaint, that at the time the contract was entered into the Board knew that plaintiff employed union labor and

that if the Board used convict labor one or more of the unions whose members were employees of plaintiff would honor the picket line.

We do not believe that this is sufficient to raise an implied promise on the part of the Board not to employ convict labor. It is just as reasonable to say that plaintiff could foresee the possibility of a work stoppage as the result of the Board's action in employing convict labor and that plaintiff took its chances on that contingency. A majority of the Board apparently felt that the employment of convict labor was a matter of importance in carrying out state policy as they saw it. It is not reasonable to assume that the Board bargained away its right to put this policy into effect when it contracted with plaintiff for the construction of a building.

The judgment is affirmed.